IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANKENGO VERON BALUTA,                §<br>PLAINTIFF,           §<br>                                    §<br>V.                                  §<br>                                    §<br>STAPLES FULFILLMENT CENTER,         §<br>DEFENDANT.           § | | CASE NO. 3:19-CV-1156-K-BK |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C §636(b) and *Special Order 3*, this case has been referred to the United States Magistrate Judge for pretrial management. For the reasons detailed herein, this action should be **DISMISSED WITHOUT PREJUDICE** for want of prosecution and for failure to comply with court orders.

**I.    PROCEDURAL HISTORY**

On May 14, 2019, Plaintiff Mankengo Baluta filed his Original Complaint in this *pro se* employment discrimination action, Doc. 3, which this Court determined did not meet the basic pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Doc. 6 at 1. Plaintiff was ordered to address the deficiencies, and, in response, he filed an Amended Complaint in June 2019. Doc. 7. In his Amended Complaint, Plaintiff stated that he had filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) in January 2018 and received a Notice of Right to Sue letter from the EEOC on August 4, 2018, the latter purportedly attached as "Exhibit A" to the Amended Complaint. Doc. 7 at 2. However, as Plaintiff actually failed to attach the specified Charge of Discrimination and the Notice of Right to Sue, he was ordered to file a copies of the documents and also to register for CM/ECF as

required by Northern District of Texas Local Civil Rule 5.1. Doc. 9 at 2. In response, Plaintiff produced a copy of a different Right to Sue letter, this one dated March 14, 2019, Doc. 10 at 3, but again failed to register for CM/ECF access, as ordered. Doc. 11.

In August 2019, after Plaintiff paid the filing fee, he was admonished regarding his responsibility to cause summons to issue and effect service on Defendant within 90 days. When more than eight months passed without any proof of service, the undersigned recommended that this case be dismissed for want of prosecution. Doc. 15. The Court subsequently construed Plaintiff's objection to the report and recommendation as an extension of time to serve Defendant, and granted additional time for service. Doc. 17.

Plaintiff subsequently filed proof of service on May, 27, 2020, Doc. 19, and on June 16, 2020, *Defendant Staples Fullfillment Center's Motion to Dismiss Amended Complaint for Failure to State a Claim* was filed, Doc. 20. When Plaintiff failed to timely respond, the Court ordered him to do so by August 31, 2020, or risk dismissal of this case. Doc. 24. However, Plaintiff has yet to comply.

## II.   APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from the court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to, *inter alia*, respond to Defendants' dismissal motion and comply with this Court's order directing a response. Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with

prejudice if the statute of limitations might prevent a party from refiling his case. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Here, at the latest, the statute of limitations on Plaintiff's claims of employment discrimination and retaliation in violation of 42 U.S.C. § 2000e-5 expired on June 15, 2019, which, allowing for mail time, was 93 days after he received the right to sue letter from the Equal Employment Opportunity Commission he provided to the Court, Doc. 10 at 3. *See* 42 U.S.C. § 2000e-5f(1) (providing that an aggrieved person may file suit against an employer under Title VII within 90 days after receiving notice from EEOC); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citation omitted) (holding that Title VII requires a plaintiff to file a civil action 90 days after receiving the right to sue letter from the EEOC). Thus, dismissal of this claim without prejudice would have the same effect as a dismissal with prejudice.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action with prejudice for, *inter alia*, failure to prosecute or comply with the rules of civil procedure. A Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff, and the court finds that lesser sanctions would not suffice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Generally, the court must find one or more of the following aggravating factors: (1) delay attributable to the plaintiff, not to his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct. *Id.*

### A. Failure to Comply with Court Orders Warrants Dismissal with Prejudice

As recounted above, Plaintiff has repeatedly failed to comply with the Court's orders. The Court twice ordered Plaintiff to register as a CM/ECF user, and he failed to comply with either order. Doc. 6; Doc. 11. After paying the $400.00 filing fee in May 2019, Plaintiff was required to obtain a summons and effect service of process within 90 days of filing his

complaint. FED. R. CIV. P. 4(m); Doc. 3. However, Plaintiff did not cause summons to issue until September 19, 2019, Doc. 14, and did not effectuate service of process until May 26, 2020. Doc. 19. Finally, Plaintiff, who presumably opposes Defendant's motion to dismiss, failed to file a response before the deadline for doing so. *See* N.D. TEX. L.CIV. R. 7.1. ("response and brief to opposed motion must be filed within 21 days from the date the motion is filed"). Plaintiff also has failed to comply with the Court's subsequent order *sua sponte* extending the time to respond to Defendant's motion to dismiss, Doc. 24, nor has he requested a further extension of time to do so.

Based on all these circumstances, the Court can only find that Plaintiff, who is proceeding without the assistance of counsel, is solely responsible for the delay in this case, as he has exhibited a pattern of noncompliance with court orders and the rules of court. *See Berry*, 975 F.2d at 1191. The Court also finds that Plaintiff's failures to follow federal and local procedural rules and comply with court orders were willful and intentional. *Id.*

### III.  CONCLUSION

For the foregoing reasons, this case should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on December 1, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).